UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEWIS JONES and SHARON JONES and
their marital property,

                    Plaintiffs,

            v.

CLARENCE L. HANKINS, a single man,

                    Defendant.

CASE NO.    C05-5533RJB

ORDER DENYING
DEFENDANT HANKIN'S [SIC]
MOTION FOR SUMMARY
JUDGMENT

This matter comes before the Court on Defendant Hankin's [sic] Motion for Summary

Judgment (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition

to the motion and the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2005, plaintiffs Lewis and Sharon Jones filed a complaint alleging that the

defendant, Clarence Hankins, failed to join Mr. Jones as a joint inventor of the invention described

in U.S. Patent 6,647,970 B2. The complaint urges the court to correct the patent under 35 U.S.C.

§ 256 and hold that Mr. Hankins holds benefits received from the patent on constructive trust for

the plaintiffs. Dkt. 1 at 3-4. Mr. Hankins counterclaims, contending that the plaintiffs have

clouded his title to U.S. Patent 6,647,970 B2. Dkt. 5 at 3.

Mr. Jones and Mr. Hankins (the parties) met while working for a truck manufacturing

company. Dkt. 1. In 1979, they began to work on inventing a device for turbocharged diesel

engines that would reduce pollution and save fuel. Dkt. 10 at 1, Dkt. 8 at 1. The parties filed for a

ORDER DENYING DEFENDANT HANKIN'S [SIC] MOTION FOR SUMMARY JUDGMENT 1

1  patent in 1981, and the patent identified both parties as joint inventors. Dkt. 12 at 9. The

2  application was denied. Dkt. 11, Exh. C at 29. It appears that the parties mutually terminated the

3  venture due to lack of funding until 1995, when they formed a corporation for the purpose of

4  selling the device to a Japanese inventor. Dkt. 8 at 2. The sale was never completed, and Mr.

5  Hankins contends that the parties "abandoned the vapor fuel device and never did any further

6  work on its development." *Id.*

7  In 1999, Mr. Hankins began work on a diesel engine device for reducing fuel usage and

8  pollution. Dkt. 8 at 2. He applied for a patent for this device in 2001, naming himself as the sole

9  inventor. *Id.* The patent was issued in 2003. *Id.*

10  Mr. Hankins first contends that Mr. Jones played no role in the invention of the second

11  device because the patent claims are different and because the second device does not involve

12  vapor fuel. Dkt. 8 at 4. He also alleges that Mr. Jones has abandoned the invention by failing to

13  work on the device after the sale fell through in 1995. *Id.* at 5.

14  Mr. Jones maintains that he is a joint inventor of both devices because they both include a

15  double wall reactor, an idea attributable to his efforts. Dkt. 10 at 5. He contends that the double

16  wall reactor constitutes a substantial contribution that disposes of the issue, regardless of whether

17  the two devices are substantially similar. *Id.* at 6.

18  **II. DISCUSSION**

19  **A. SUMMARY JUDGMENT STANDARD**

20  Summary judgment is proper only if the pleadings, depositions, answers to interrogatories,

21  and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

22  to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ.

23  P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party

24  fails to make a sufficient showing on an essential element of a claim in the case on which the

25  nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

26  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a

27  rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

28  *Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative

ORDER DENYING DEFENDANT HANKIN'S [SIC] MOTION FOR SUMMARY JUDGMENT 2

1  evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a

2  genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed

3  factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v.*

4  *Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

5  *Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

6  The determination of the existence of a material fact is often a close question. The court

7  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

8  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec.*

9  *Serv., Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of

10  the nonmoving party only when the facts specifically attested by that party contradict facts

11  specifically attested by the moving party. The nonmoving party may not merely state that it will

12  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

13  to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.

14  Conclusory, non specific statements in affidavits are not sufficient, and missing facts will not be

15  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

16  **B. JOINT INVENTOR STATUS**

17  35 U.S.C. § 256 creates a cause of action in district court for correction of non-joinder of

18  a joint inventor on a patent so long as there was no deceptive intent. 35 U.S.C. § 256. There is a

19  presumption that the inventors are named correctly in the patent. *Hess v. Advanced*

20  *Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997). A plaintiff alleging misjoinder

21  therefore bears a heavy burden of proving its case by clear and convincing evidence. *Id.* The

22  plaintiff may not rely merely upon her own testimony to establish her contribution to the invention

23  but must instead offer corroborating evidence. *Ethicon, Inc. v. United States Surgical Corp.*, 135

24  F.3d 1456, 1461 (Fed. Cir.1998). Corroborating evidence may include contemporaneous

25  documents created by the alleged joint inventor, circumstantial evidence about the invention

26  process, and oral testimony of other witnesses. *Id.*

27  Joint inventorship under 35 U.S.C. § 116 contemplates collaboration, though the parties

28  need not physically work together at the same time. 35 U.S.C. § 116(1). The statute's use of the

ORDER DENYING DEFENDANT HANKIN'S [SIC] MOTION FOR SUMMARY JUDGMENT 3

1   word "jointly" is not mere surplusage. *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*,

2   973 F.2d 911, 917 (Fed. Cir. 1992). Some element of joint behavior is required, and individuals

3   working independent from and ignorant of the other's efforts are not joint inventors. *Id.* Here, it is

4   undisputed that the parties worked in concert on a fuel saving and pollution reducing device for

5   diesel trucks at least until 1995. The only question remaining is whether there is a genuine issue of

6   material fact as to whether Mr. Jones's contributions were sufficient to confer joint inventor

7   status.

8   　　　　The alleged joint inventor's contribution need not equal the contributions of the listed

9   inventor. 35 U.S.C. § 116.  Moreover, the plaintiff in a suit for misjoinder need not demonstrate

10   that she contributed to every claim in the patent. *Id.* ("Inventors may apply for a patent jointly

11   even though . . . each did not make a contribution to the subject matter of every claim of the

12   patent."). There is no minimum contribution required for a person to qualify as a joint inventor so

13   long as she contributes to the conception of the invention. *Fina Oil & Chem. Co. v. Ewen*, 123

14   F.3d 1466, 1473 (Fed. Cir. 1997). The contribution to the conception of the invention must not

15   be "insignificant in quality, when . . . measured against the dimension of the full invention." *Id.*

16   Mere explanation of the state of the art, contribution removed from the real-world realization of

17   an invention, and assistance after conception are insufficient. *Hess*, 106 F.3d at 981; *Eli Lilly and

18   Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004); *Ethicon*, 135 F.3d at 1460.

19   　　　　Mr. Hankins urges the court to hold that Mr. Jones cannot be considered a joint inventor

20   of the second device because the claims of the two patent applications differ. Dkt. 8-1 at 3-4. Mr.

21   Jones contends that regardless of whether the two devices are similar, his contribution of a double

22   walled reactor was significant and that the second device could not function without this

23   contribution. Dkt. 10 at 5, Dkt. 12 at 5-6. Mr. Hankins's reply fails to rebut Mr. Jones's

24   contention about the nature and significance of his contribution. *See* Dkt. 13. The motion for

25   summary judgment on this ground should therefore be denied.

26   **C. ABANDONMENT**

27   

28   　　　　35 U.S.C. § 102 provides, "A person **shall be entitled to a patent** unless . . . he has

ORDER DENYING DEFENDANT HANKIN'S [SIC] MOTION FOR SUMMARY JUDGMENT 4

1  abandoned the invention." 35 U.S.C. § 102 (emphasis added). Actual abandonment occurs when

2  the inventor affirmatively conceals the invention from the public so that he may use it indefinitely

3  and exclusively for his own profit. *Fujikawa v. Wattanasin,* 93 F.3d 1559, 1567 (Fed. Cir. 1996).

4  Abandonment may also be inferred from an inventor's unreasonable delay in disclosing the

5  invention to the public. *Dow Chem. Co. v. Astro-Valcour, Inc.,* 267 F.3d 1334, 1342 (Fed. Cir.

6  2001).

7      Mr. Hankins contends that he is entitled to summary judgment because he and Mr. Jones

8  abandoned the invention in 1995 and because Mr. Jones fails to address this claim in his response

9  brief. Dkt. 8-1 at 5; Dkt. 13. Section 102(c) explicitly applies to the issuance of patents. Mr.

10 Hankins's motion and reply offer no legal authority for the notion that a suit to correct misjoinder

11 under 35 U.S.C. § 256 may be barred by the joint inventor's abandonment of the invention and no

12 argument that the concept should apply by analogy to joint inventor contributions. The motion

13 should therefore be denied.

### III. ORDER

14    Therefore, it is hereby

15    **ORDERED** that Defendant Hankin's [sic] Motion for Summary Judgment (Dkt. 8) is

16 **DENIED**.

17    The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

18 of record and to any party appearing *pro se* at said party's last known address.

19    DATED this 16th day of August, 2006.

_Robert J. Bryan_
Robert J. Bryan
United States District Judge

ORDER DENYING DEFENDANT HANKIN'S [SIC] MOTION FOR SUMMARY JUDGMENT 5